Matter of Harp (2022 NY Slip Op 04084)

Matter of Harp

2022 NY Slip Op 04084

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

PM-116-22
[*1]In the Matter of Kimberly Anne Harp, an Attorney. (Attorney Registration No. 3017985.)

Calendar Date:March 21, 2022

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2000 and currently maintains a law office in the Town of Clifton Park, Saratoga County. In June 2020, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into respondent's conduct after being advised of a dishonored check drawn upon respondent's business account with Trustco Bank. The ensuing investigation, which included respondent's testimony under oath, an audit of respondent's escrow and business accounts (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [i]) and a subpoena of respondent's bank records, ultimately culminated in the instant application by AGC seeking respondent's interim suspension upon the ground that respondent's commission of professional misconduct has been established by her admissions and other uncontroverted evidence (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.09 [a] [2], [5]; see generally Matter of Padilla , 67 NY2d 440, 447-448 [1986]). Respondent has not formally responded to AGC's motion, which we now grant.[FN1]
Respondent's admissions under oath and the documentary evidence submitted by AGC conclusively establish that, in direct contravention of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a), respondent has misappropriated, for her own use, monies deposited in her attorney escrow account which were to be held in trust for the sellers in a real estate transaction. Furthermore, the record establishes that respondent thereafter commingled her personal funds with monies held in trust in an attempt to make the sellers whole. While these facts have been established, in part, by respondent's own testimony, we also note that respondent concomitantly took measures to conceal her own misconduct by providing AGC with altered bank statements (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c]). Accordingly, we conclude that respondent's conduct poses an immediate threat to the public interest warranting her immediate suspension from practice, and until further order of this Court.
Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice [*2]in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).

Footnotes

Footnote 1: We note that respondent was twice granted an adjournment of the motion return date and, after failing to submit any substantive response to the motion by the twice-adjourned deadline, this Court nonetheless afforded her one final opportunity to submit papers in response to the motion prior to our consideration of same. To date, respondent has not offered any substantive response to AGC's motion.